Filed 10/5/21  P. v. Mendez CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN MENDEZ,<br><br>    Defendant and Appellant. | H048225<br>(Monterey County<br>Super. Ct. No. SS071117A) |

Appellant Juan Mendez, a permanent resident of the United States, faces deportation as a result of convictions he sustained in 2007 for, among other charges, attempted premeditated murder and assault by means likely to produce great bodily injury.  After his release from state prison and detention in federal immigration custody, Mendez moved to vacate his convictions pursuant to Penal Code section 1473.7.[1] Mendez appeals from the trial court's June 2020 order denying his motion for relief under section 1473.7 and denying his related request for the court to construe the motion as a petition for writ of habeas corpus.  Mendez's appellate counsel filed a brief under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), and Mendez filed a supplemental brief.

---

[1] Unspecified statutory references are to the Penal Code.

For the reasons explained below, we affirm the trial court's order denying Mendez's motion under section 1473.7.[2]

## I. FACTS AND PROCEDURAL BACKGROUND

In 2007, a jury found Mendez guilty of one count of attempted premeditated murder (§§ 664, 187, subd. (a); count 11), six counts of assault (§ 245, subd. (a)(1); counts 1–4, 14, 15), two counts of dissuading a witness by force or threat (§ 136.1, subd. (c)(1); counts 5, 13), one count of threat of violence (§ 422; count 17), and multiple misdemeanors including one count of aggravated trespass (§ 602.5, subd. (b); count 7) and three counts of violating a protective order (§ 273.6, subd. (a); counts 8, 10, 18). The jury also found Mendez not guilty of inflicting corporal injury on a cohabitant (§ 273.5, subd. (a)) but found him guilty of the lesser included offense of battery on a cohabitant (§ 243, subd. (e)(1); count 16) and acquitted Mendez of other charges of burglary and one count of violating a protective order.[3]

On December 20, 2007, the trial court sentenced Mendez to a fixed term of 14 years in state prison, with 526 days of presentence credits. This court affirmed the judgment, following an appeal, in an opinion filed in 2009. (*People v. Mendez*, *supra*, H032453.) The California Supreme Court denied review in October 2009.

In September 2010, Mendez filed a petition for writ of habeas corpus in the Monterey County Superior Court, which the court denied in a written order on November 1, 2010. Mendez also filed a petition for writ of habeas corpus in this court in November 2010, which we denied in December 2010, and petitions for writs of habeas corpus in the California Supreme Court and the United States District Court for the Northern District

---

[2] A few weeks after the filing of the submission order in this case, the Governor signed Assembly Bill No. 1259 (2021-2022 Reg. Sess.), amending section 1473.7. The amended statute, under Assembly Bill No. 1259, will take effect on January 1, 2022.

[3] We take this background information from the record on appeal and the prior opinion issued by this court affirming the judgment. On our own motion, we take judicial notice of the unpublished opinion, *People v. Mendez* (July 17, 2009, H032453) [nonpub. opn.]. (See Evid. Code, §§ 452, subd. (d), 459.)

of California. The California Supreme Court denied Mendez's habeas corpus petition in June 2011, and the federal district court denied the habeas corpus petition in March 2013 after issuing an order to show cause and considering Mendez's traverse.

In 2018, the Department of Homeland Security placed Mendez in removal proceedings. Mendez is not a United States citizen but asserts that he has been in this country since infancy; he was admitted to the United States as a lawful permanent resident in 1990. On August 24, 2018, the immigration judge issued a written decision sustaining the charges of removability based upon Mendez's 2007 convictions for the crimes of attempted murder and assault with a deadly weapon.[4]

On December 30, 2019, Mendez filed the motion pursuant to section 1473.7 (motion) that is the subject of this appeal. Representing himself, Mendez sought to vacate his 2007 convictions pursuant to section 1473.7 based upon ineffective assistance by his defense counsel in the plea negotiations preceding his decision to go to trial. Mendez asserted that his defense counsel's actions led him to reject a plea deal providing for a minimum five- and maximum seven-year prison term and impeded his ability to understand the adverse immigration consequences of rejecting the plea deal and going to trial.[5] Mendez later moved for his motion to be construed as a petition for writ of habeas corpus.

---

[4] It appears from the record and from Mendez's supplemental brief on appeal that the decision of the immigration court to deny relief from removal is currently pending review before the Ninth Circuit Court of Appeals, which on March 15, 2019, issued a temporary stay of removal.

[5] Mendez's public defender unsuccessfully sought a continuance on the morning scheduled for trial after Mendez, who had accepted and signed a plea form the weekend prior, refused upon further consideration to enter a plea. The plea, which Mendez signed on April 21, 2007, but ultimately rejected on April 23, 2007, provided for a prison term of a minimum of five years and a maximum of seven years based on Mendez pleading guilty to one count of burglary with a person present (§ 459; count 12), one count of battery upon a former cohabitant (§ 273.5; count 16), and one misdemeanor count of violating a restraining order (§ 273.6; count 8).

On June 18, 2020, the trial court denied both the motion under section 1473.7 and the request to consider the motion as a habeas corpus petition. The trial court explained on the record at the hearing that section 1473.7 applies to pleas, not convictions by jury. The court also found, in relation to Mendez's motion to construe the 1473.7 motion as a habeas corpus petition, that it appeared Mendez was no longer in state custody, and in any event that the principles of collateral estoppel barred his habeas corpus claims because he had been aware of the facts alleged in the motion at the time he filed his previous habeas corpus petition. Mendez filed a timely notice of appeal of the trial court's decision.

This court appointed counsel to represent Mendez on appeal. Mendez's appointed appellate counsel filed a brief pursuant to *Serrano*, *supra*, 211 Cal.App.4th 496, that raises no arguable issue on appeal, where an "arguable issue" is defined as an issue that has a reasonable potential for reversal or modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.) Thereafter, we notified Mendez that he could submit a supplemental brief on his own behalf within 30 days.

After several extensions of time, Mendez filed a 79-page supplemental brief. In his supplemental brief, Mendez states that he is detained in federal immigration custody and that his previous habeas corpus petition does not bar him from relief under section 1473.7. He contends the trial court erred in construing the language of section 1473.7 to exclude his current circumstances and maintains that—correctly interpreted—section 1473.7 provides broad authority to enable a noncitizen to challenge a conviction following a jury verdict of guilty after a plea of not guilty. He also asserts that giving collateral estoppel effect to the denial of his prior habeas corpus petitions would not bar relief under section 1473.7.

## II. DISCUSSION

Under California law, a defendant is entitled to an appeal as of right from his or her judgment of conviction (§ 1237, subd. (a); *People v. Kelly* (2006) 40 Cal.4th 106,

117) and has the constitutional right to the assistance of counsel in that appeal (*Douglas v. California* (1963) 372 U.S. 353, 355).  Thus, when counsel in a first appeal of right notifies the court that there are no arguable issues, the court must conduct an independent review of the record to protect the defendant's right to counsel.  (*Kelly*, at p. 119; see also *People v. Wende* (1979) 25 Cal.3d 436, 441; *Serrano*, *supra*, 211 Cal.App.4th at p. 500.)  However, "[b]oth the United States Supreme Court and the California Supreme Court have concluded that due process does not require [independent] review [of the record] other than in the first appeal of right."  (*Serrano*, at p. 500; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, review granted Oct. 14, 2020, S264278 (*Cole*).)

This appeal is from an appealable postjudgment order (§§ 1237, subd. (b), 1473.7, subd. (f)), not from a judgment of conviction.  Accordingly, under *Serrano*, we consider only the claims raised in Mendez's supplemental brief (see *Cole*, *supra*, 52 Cal.App.5th at pp. 1039–1040), synthesizing his numerous questions and arguments into cogent issues for review.

We turn first to Mendez's assertion that his earlier petitions for a writ of habeas corpus, filed when he was in criminal custody, do not bar him from seeking relief under section 1473.7.  We will assume, as other courts have done, that the orders and any findings denying the prior habeas corpus petitions have collateral estoppel or issue preclusive effect as to any identical issue that was actually litigated and necessarily decided.  (See, e.g., *People v. Jung* (2020) 59 Cal.App.5th 842, 846, overruled on another ground by *People v. Vivar* (2021) 11 Cal.5th 510, 526, fn. 4 (*Vivar*).)  But as the Court of Appeal in *Jung* explained, neither the language of section 1473.7 nor its legislative purpose supports the conclusion that a defendant who had been denied habeas corpus relief while in custody would be barred from seeking relief under section 1473.7 once out of custody.  (*Jung*, at p. 855.)  The fact that a motion under section 1473.7 may assert different grounds for relief than those alleged in a prior habeas corpus petition, and that relief under section 1473.7 does not require a finding of ineffective assistance of counsel,

5

supports that conclusion. (*Jung*, at p. 855; accord *People v. Ruiz* (2020) 49 Cal.App.5th 1061, 1069–1070.)

In this case, Mendez's prior petitions for writs of habeas corpus (listed in the procedural history above) alleged in relevant part that Mendez's trial counsel delivered ineffective assistance in relation to the exclusion of two exculpatory witnesses whose testimony would have tested the victim's credibility and exposed her history of false accusations. The prior petitions did not allege error, or ineffective assistance, arising from or related to the statutory grounds for relief under section 1473.7—namely, "prejudicial error damaging the [defendant's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere." (§ 1473.7, subd. (a)(1).) Because Mendez's current motion involves issues that were not raised or decided in the prior petitions for habeas corpus relief, we conclude his claim for relief under section 1473.7 is not barred by principles of collateral estoppel. However, to the extent that Mendez's motion attempts to reassert error related to the efficacy of his trial counsel's defense and the court's exclusion of certain witnesses at trial—issues that were argued and decided in Mendez's appeal from the judgment and subsequently in his habeas corpus petitions—those claims are precluded from further review.

Mendez next argues that he qualifies for relief under section 1473.7. He makes a series of arguments related to the phrasing of the statute and the meaning of the terms "plea" and "conviction" and contends that section 1473.7 allows "a person who is no longer in criminal custody [to] file a motion to vacate a 'conviction, sentence, guilty plea or nolo contendere.' " But as we explain, section 1473.7 currently provides only for

6

motions to vacate a conviction or sentence under certain circumstances, and the terms Mendez discusses do not expand or alter the scope of relief afforded by the statute.[6]

Section 1473.7, in relevant part, provides that a person who is no longer in criminal custody may seek to vacate a conviction or sentence for the following reason: "The conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences *of a plea of guilty or nolo contendere*. A finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel." (§ 1473.7, subd. (a)(1), italics added.)[7]

The statute defines "prejudicial error" rendering the conviction or sentence "legally invalid" in terms of damage to the defendant's ability to understand, defend against, or knowingly accept the adverse immigration consequences "of a plea of guilty or nolo contendere." (§ 1473.7, subd. (a)(1).) If the trial court grants the motion "to vacate a conviction or sentence obtained through a plea of guilty or nolo contendere, the court shall allow the moving party to withdraw the plea." (*Id.*, subd. (e)(3).) The statute further specifies that "[w]hen ruling on a motion under paragraph (1) of subdivision (a), the only finding that the court is required to make is whether the conviction is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully

---

[6] As noted *ante*, Assembly Bill No. 1259 (2021-2022 Reg. Sess.), amending section 1473.7 to expand eligibility for relief to persons seeking to vacate a conviction or sentence as legally invalid, will take effect on January 1, 2022. Consequently, we address only whether Mendez can seek relief under the current statute; Mendez's prospective eligibility for relief under the amended statute is not before us.

[7] While section 1473.7, subdivision (a), addresses three reasons a person no longer in criminal custody may seek to vacate a conviction or sentence, only the first reason, set forth in subdivision (a)(1) and quoted above, is invoked here. The other two reasons, set forth in section 1473.7, subdivision (a)(2) and (a)(3), respectively, are based on "[n]ewly discovered evidence of actual innocence" and a conviction or sentence that "was sought, obtained, or imposed on the basis of race, ethnicity, or national origin." (§ 1473.7, subds. (a)(2), (3).)

understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere." (*Id.*, subd. (e)(4).) Taken together, section 1473.7, subdivisions (a)(1) and (e)(1)–(4) authorize relief only to persons whose conviction or sentence is obtained through a guilty plea or no contest plea. Our independent research has located no cases extending the statute to convictions following a jury verdict, and Mendez cites none in his supplemental brief.

In addition to the plain language of the statute, we take guidance from a recent decision of our Supreme Court in *Vivar*, *supra*, 11 Cal.5th 510. *Vivar* addressed the standard of review under section 1473.7 and directed appellate courts to independently review trial court rulings that are based entirely on documentary evidence. The court also examined the showing required to establish "prejudicial error" within the meaning of section 1473.7, subdivision (a)(1). (*Vivar*, at p. 523.) The court explained: "The Legislature made relief available only to certain immigrants *who accepted pleas* without understanding the immigration-related consequences of such decisions. What someone seeking to withdraw a plea under section 1473.7 must show is more than merely an error 'damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences' *of the plea*. (§ 1473.7, subd. (a)(1).) The error must also be 'prejudicial.' " (*Vivar*, at p. 528, italics added.)

Our high court further explained that "showing prejudicial error under section 1473.7, subdivision (a)(1) means demonstrating a reasonable probability that the defendant would have rejected the plea if the defendant had correctly understood its actual or potential immigration consequences." (*Vivar*, *supra*, 11 Cal.5th, at p. 529.) Indeed, before *Vivar*, the Courts of Appeal had similarly concluded that "a 'prejudicial error' occurs under section 1473.7 when there is a *reasonable probability that the person would not have pleaded guilty—and would have risked going to trial* (even if only to figuratively throw a 'Hail Mary')—had the person known that the guilty plea would

8

result in mandatory and dire immigration consequences." (*People v. Mejia* (2019) 36 Cal.App.5th 859, 871.) These explanations reinforce our understanding of the statute's plain meaning, which bases "prejudicial error" on a defendant's inability to meaningfully understand, defend against, or knowingly accept the consequences of admitting guilt by virtue of accepting a no contest or guilty plea. (§ 1473.7, subd. (a)(1).)

Mendez nevertheless contends he suffered "prejudicial error" (§ 1473.7, subd. (a)(1)) when he rejected the plea deal offered to him, because his trial counsel did not advise him about the possible immigration consequences of the proposed plea and did not raise the issue to the trial court in support of the defense's motion for a continuance to prepare for trial following the failed plea deal. Mendez states that his counsel's failure to investigate or raise the issue deprived him of the knowledge or understanding required to defend himself against the potentially adverse immigration consequences he faced. He maintains that had his counsel provided effective assistance and the appropriate immigration advisements (see § 1016.5 [requiring trial court to advise defendant of potential immigration consequences before accepting guilty plea]), he would have changed his decision to reject the plea offer and instead would have tried to defend against such consequences by pleading to a conviction satisfactory to the prosecution and trial court but with "no, or fewer, adverse immigration consequences." He submits that the legislative history of section 1473.7, and its relationship to other statutory provisions that address adverse immigration consequences (like section 1016.5), support a broad interpretation of the statute to apply to immigration *consequences* generally, not merely those arising from a guilty plea.

Mendez is correct about the breadth of statutory provisions aimed at ensuring defendants "receive clear and accurate advice about the impact of criminal convictions on their immigration status, along with effective remedies when such advice is deficient." (*Vivar*, *supra*, 11 Cal.5th at p. 516.) But the remedies currently in effect are available only to those who demonstrate "prejudice by showing that in the absence of the error

9

regarding immigration consequences*, it's reasonably probable the moving party *would not have entered the plea*." (*Id*. at pp. 533–534, italics added.)

Here, as the trial court correctly concluded, Mendez cannot claim relief under section 1473.7, because the convictions giving rise to his immigration detention are not based on either a plea of guilty or no contest. The record shows that although Mendez initially signed a plea form, he changed his mind and rejected the plea deal offered to him despite being advised that going to trial significantly increased his prison exposure. Having chosen to exercise his right to a jury trial, he cannot now contend under section 1473.7 that prejudicial error impeded his understanding of the potential adverse immigration consequences of pleading guilty or no contest, because he did not so plead.

## III. DISPOSITION

The June 18, 2020 order denying Mendez's motion to vacate his sentence or conviction pursuant to section 1473.7 is affirmed.

_____
                            Danner, J.

WE CONCUR:

_____
Greenwood, P.J.

_____
Elia, J.

**H048225**
*People v. Mendez*